IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-29-WKW |
| | ) [WO] |
| R & L FOODS, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This straightforward slip-and-fall case arose when Plaintiff Carolyn Long fell and broke her hip at a Wendy's restaurant. Ms. Long claims Defendant R & L Foods, LLC, should pay for her injuries because restaurant employees failed to clean up an alleged slippery substance that caused her fall. She brings this action to recover for her injuries. R & L Foods, contending Ms. Long cannot show a genuine dispute of any material fact, moved for summary judgment. (Doc. # 20.) But upon consideration of the parties' arguments (Docs. # 21, 33, 37) and the relevant law, summary judgment on all counts is not warranted here.

**I. JURISDICTION AND VENUE**

The court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). The parties contest neither personal jurisdiction nor venue.

## II. STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists. *Id.* at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact-finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## III. FACTUAL AND PROCEDURAL BACKGROUND

One spring day last year, Plaintiff Carolyn Long stepped into a crowded Wendy's restaurant during the lunch hour to use the facilities. She did not get far,

however, before she slipped and fell, breaking her hip. Ms. Long does not know what she slipped on. But she admits she never saw any water on the floor (or any other substance, for that matter) that might have caused her fall.

As Ms. Long remembers it, the weather was dry that day. (Doc. # 20-1, at 17.[1]) A cook at the restaurant, however, remembers that it had rained earlier that morning, though the rain had stopped by 9:00 a.m. (Doc. # 33-3, at 9–10.) There is no evidence the cook knew if the ground outside was still wet when Ms. Long came into the restaurant. No one saw anything on the floor that might have caused Ms. Long to slip, not even the assistant manager on duty who checked the floor immediately after the fall. (Doc. # 33, at 6.)

## IV. DISCUSSION

**A.     Summary judgment is due on Ms. Long's premises liability claims.**

The first two counts of Ms. Long's complaint proceed on a theory of premises liability, which would require her to prove three elements at trial: "[1] that her fall resulted from a defect or instrumentality located on the premises, [2] that the fall was a result of [R&L Foods'] negligence, and [3] that [R&L Foods] had or should have

---

[1] All evidentiary citations refer to the page numbers assigned by the court's electronic case management system, not the numbering of the original document.

had notice of the defect or instrumentality before the accident." *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992). Ms. Long cannot get past the first.

Much of the evidence Ms. Long cites in opposition to summary judgment is little more than speculation. For example, when pressed at his deposition, the cook admitted "it was possible that water got tracked inside." (Doc. # 33, at 2.) But a thoughtful deponent must virtually *always* give an affirmative answer to a question beginning with 'is it possible that." As Judge Posner has noted, "[T]here are no metaphysical certainties." *Welge v. Planters Lifesavers Co.*, 17 F.3d 209, 211 (7th Cir. 1994) (recognizing a possibility that "elves may have played ninepins with [a] jar of peanuts while [the plaintiff and his roommate] were sleeping"). But that is why Ms. Long must show more than "some metaphysical doubt as to the material facts" if she hopes to defeat summary judgment. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 586 (1986). All this to say, Ms. Long cannot create a triable issue of fact that water got tracked into the store by pressing a deponent who lacks any firsthand knowledge into admitting the possibility.

Other than evidence of what certain witnesses think is possible, Ms. Long only has one piece of evidence from which it might be suggested there may have been a slippery substance on the floor of the restaurant when she fell: the cook's testimony that it had rained earlier that morning. That evidence, standing alone, cannot defeat

4

summary judgment; otherwise, every fall on a rainy day would present a triable claim for premises liability. The cook's testimony, which does not indicate that it was raining when Ms. Long entered the restaurant – or even that the ground outside was still wet at the time – is insufficient evidence for a reasonable jury to conclude the restaurant floor was wet.

Ms. Long does, however, suggest direct evidence that might be sufficient to defeat summary judgment if only it were admissible. Ms. Long claims that "she was informed by the paramedics that attended her injuries that water was present all over the area where she fell." (Doc. # 33, at 2.) But that statement is inadmissible hearsay, *see* Fed. R. Evid. 802, and counsel for Ms. Long informed the court at the pretrial hearing that the paramedics no longer recall the incident and cannot be witnesses. Thus, no admissible evidence suggests anyone ever saw anything that might have caused Ms. Long to slip and fall.

Ms. Long has not submitted sufficient evidence in support of her premises-liability claims to show there exists a genuine issue of material fact. Accordingly, summary judgment is proper on Counts I and II.

**B.   Ms. Long's negligent hiring, training, and supervision claim survives.**

Count III of Ms. Long's complaint does not proceed on a theory of premises liability – at least, not directly. Instead, Ms. Long's third cause of action proceeds on

a theory of "negligent hiring, training and supervision." (Doc. # 1-5, at 4.) Although this theory is obviously similar to Ms. Long's premises-liability claims, it is distinct in important respects. For instance, Counts I and II accuse R & L Foods of breaching a "duty to keep its premises in a reasonabl[y] safe condition" (Doc. # 1-5 ¶¶ 14, 18), while Count III alleges R&L Foods breached a "duty to hire, train, supervise, and/or monitor its agent(s), and employee(s) on keeping reasonably safe premises for persons shopping thereon" (Doc. # 1-5 ¶ 24).

On summary judgment, the movant "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. As discussed above, R & L Foods' motion met that burden on Counts I and II by setting out the elements of proof for Ms. Long's premises liability claims, identifying which element she could not prove, and explaining why not with citations to authority.

R & L Foods' motion does not, however, do more than mention Ms. Long's other theory, and that only once. In fact, this is all R & L Foods' motion has to say on the subject: "Plaintiff filed her First Amended Complaint . . . asserting the following theories of liability . . . Count Three – Negligence in the hiring, training and supervision of defendant's employees on keeping reasonably safe premises for persons shopping thereon." (Doc. # 21, at 2–3.) The motion does not identify the

6

elements of proof for Count III; it does not identify which element Ms. Long cannot prove; it does not explain why not; and it cites no authority to that effect.

That is not to say the court is blind to the implications of its ruling on Ms. Long's premises liability claims. Because Ms. Long, has not presented sufficient evidence to show R & L Foods' premises were actually unsafe, it is hard to imagine how she could prove her injuries were cause by the negligent hiring, training, and supervision she alleges. But it is not the court's role to make arguments in support of R & L Foods' motion. Because nothing in the motion for summary judgment informs the court of a proper basis for summary judgment on Count III, the motion is due to be denied to the extent it seeks such relief.

## V.  CONCLUSION

It is therefore ORDERED that R & L Foods's Motion for Summary Judgment (Doc. # 20) is GRANTED in part and DENIED in part as follows:

(1) With respect to Counts I and II of Ms. Long's complaint, the motion is GRANTED;

(2) With respect to Count III of Ms. Long's complaint, the motion is DENIED;

(3) This case is REMOVED from the trial docket and CONTINUED generally; and

(4)   Defendant is granted leave to supplement its motion for summary judgment on or before March 6, 2013.

DONE this 26th day of February, 2013.

                                                  /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE